NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEROME A. BEARDEN, | No. 20-16508 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 3:19-cv-04264-SI |
| COUNTY OF ALAMEDA, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted October 12, 2021**

Before: TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Jerome A. Bearden appeals pro se from the district court's judgment

dismissing his 42 U.S.C. §§ 1981 and 1983 action alleging various claims. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under

Federal Rule of Civil Procedure 12(b)(6). *Colony Cove Props., LLC v. City of*

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Carson*, 640 F.3d 948, 955 (9th Cir. 2011). We affirm.

The district court properly dismissed Bearden's action because Bearden failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *see also Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (discussing deliberate indifference standard as applied to prisoners); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (en banc) (discussing requirements to establish municipal liability under § 1983 under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)); *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1215-16 (9th Cir. 1996) (holding that a municipality may only be held liable for violations of § 1981 resulting from an official "policy or custom"); *Taus v. Loftus*, 151 P.3d 1185, 1207-08, 1212 (Cal. 2007) (setting forth elements of public-disclosure-of-private-facts and intrusion-into-private-matters torts); *Bogard v. Employers Cas. Co.*, 210 Cal. Rptr. 578, 587 (Ct. App. 1985) (setting forth elements of an intentional infliction of emotional distress claim).

We reject as meritless Bearden's contention that the district court was biased.

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**